IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANDREW LUCKETT,              )<br>                             )<br>     Petitioner,            )<br>                             )<br>     v.                      )<br>                             )<br>DORA B. SCHRIRO,             )<br>ARIZONA ATTORNEY GENERAL,    )<br>                             )<br>     Respondents.           )<br>_____) | CIV 05-2302 PHX SRB (MEA)<br><br>REPORT AND RECOMMENDATION |

**TO THE HONORABLE SUSAN R. BOLTON:**

Mr. Andrew Luckett ("Petitioner"), who is incarcerated by Respondents in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2254 on August 2, 2005. Respondents filed an Answer to Petition for Writ of Habeas Corpus ("Answer") (Docket No. 14) on January 31, 2006, and Petitioner filed a reply to Respondents' answer on March 2, 2005.[1]

---

[1] Petitioner previously filed another section 2254 petition in the Court, docketed as 2:05 CV 0862, and assigned to the Honorable John W. Sedwick. In that action Petitioner seeks relief from his conviction in an Arizona criminal case docketed as CR 99-15313, his convictions on charges of armed robbery, theft of a means of transportation and unlawful flight from a law enforcement vehicle. A Report and Recommendation in that matter, recommending that the petition be denied and dismissed, was filed January 4, 2006, and Petitioner filed objections to the Report and Recommendation on January 17, 2006.

**I Background**

On October 18, 1999, Petitioner was charged by the State of Arizona with burglary in the third degree, a class 4 felony, and possession of burglary tools, a class 6 felony. See Answer, Exh. B. Petitioner's defense counsel was successful in seeking a hearing on a motion to suppress the pre-trial identification of Petitioner as the perpetrator of the alleged crimes, pursuant to Arizona v. Dessureault, 104 Ariz. 380 (1969). Id., Exh. G. The hearing was conducted on March 7, 2000, and the motion to suppress was denied. Id., Exh. H.

A jury trial was conducted regarding the charges against Petition in March of 2000. At Petitioner's trial a witness testified he saw Petitioner pry open the window of a van and then enter the van. The witness testified he saw Petitioner exit the van carrying a toolbox, which Petitioner then "sorted through" with another individual. The witness alerted another individual, and the police were summoned. Police officers arrived on the scene and apprehended two individuals in possession of the toolbox removed from the van; one of the police officers testified at Petitioner's trial that Petitioner was one of the men apprehended in possession of the toolbox.

Another police officer testified at Petitioner's trial that the initial witness of the burglary identified Petitioner at the scene of the crime as the man he witnessed breaking into the van. Yet another witness testified that the van belonged to him, not to Petitioner, and that items found in Petitioner's possession at the time of his arrest belonged to the witness,

not to Petitioner. Id., Exh. J & Exh. P & Exh. OO.[2]  See also Exh. FFF & Exh. GGG.

At the close of the prosecution's case, Petitioner's counsel moved for a judgment of acquittal pursuant to Rule 20, Arizona Rules of Criminal Procedure. Id., Exh. OO at 3. The motion was denied and the jury found Petitioner guilty of burglary in the third degree and possession of burglary tools. Id., Exh. N. Petitioner filed a pro per motion for a new trial, asserting the verdicts were against the law and the weight of the evidence presented at his trial. Id., Exh. O. The motion was denied on August 2, 2000, because the trial court concluded the verdict was consistent with the evidence presented at trial and that the court had not committed reversible error. Id., Exh. T.[3]

Petitioner's sentencing was continued until two other criminal cases then pending against Petitioner were tried. Id., Exh. R.[4] All three cases were then consolidated for the purpose of sentencing Petitioner on all of the convictions. Id., Exhs.

---

[2] The witness also testified at the Dessereault hearing on March 7, 2000.

[3] Petitioner filed a supplemental motion for a new trial on February 5, 2001, see Answer, Exh. AA, and sought reconsideration of the decision denying a new trial on April 27, 2001. See id., Exh. CC. These motions were denied on May 24, 2001. Id., Exh. DD.

[4] Petitioner was charged with other crimes in 1999, in cases docketed as CR 1999-016403-A, theft of a credit card, and, as mentioned supra, in a case docketed as CR 99-15313, with armed robbery, theft of a means of transportation and unlawful flight from a law enforcement vehicle, with regard to events occurring on October 22, 1999. Petitioner was evidently released from custody after being booked for the events of October 22, 1999, and was re-arrested on November 9, 1999. See Answer, Exh. E at 24.

-3-

Z. On August 17, 2001, Petitioner was sentenced in CR 99-16403, CR 99-14329, and CR 99-15313. Id., Exh. FF.

Pursuant to his conviction for burglary in the third degree, Petitioner was sentenced to the presumptive term of 10 years imprisonment, and he was sentenced to a concurrent and presumptive term of 3.75 years imprisonment for his conviction on the charge of possession of burglary tools. Id., Exh. FF at 11, GG.[5]

Petitioner filed a timely notice of appeal on August 22, 2001. Id., Exh. HH. Petitioner asked the Arizona Court of Appeals to sever the criminal cases which had been consolidated for purposes of sentencing, and the motion was granted by the Court of Appeals. Id., Exhs. JJ & KK. Petitioner was appointed counsel to represent him in his appeal. Id., Exh. LL.

On February 1, 2001, Petitioner's counsel filed a brief stating that he could find no arguable, non-frivolous issue to raise on Petitioner's behalf with regard to his conviction for burglary and possession of burglary tools. Id., Exh. LL. Petitioner was given leave to file a pro per appellate brief. Id., Exh. MM. Petitioner filed a brief asserting he was entitled to relief because his state and federal constitutional rights were violated by his conviction. Petitioner argued

---

[5] On August 17, 2001, Petitioner was sentenced to a term of 15.75 years imprisonment for his conviction for armed robbery, to 11.25 years imprisonment for his conviction for theft of means of transportation, and to 5 years imprisonment for his conviction for unlawful flight from a law enforcement vehicle. Petitioner's sentences on the first two counts were imposed as concurrent sentences and the sentence for unlawful flight was imposed consecutively to the other sentences.

-4-

specifically that: (1) the burden of proof had been improperly shifted to the defendant regarding an element of identification; (2) the prosecutor improperly vouched for a witness' credibility by stating the witness had no reason to lie; (3) the identification of Petitioner as the perpetrator of the crimes was suggestive and fundamentally unfair; (4) the state did not prove an element of the crime of burglary as charged, i.e., entry, pursuant to the Arizona statute defining burglary; (5) the prosecution did not prove the requisite intent required by the statute defining the crime of burglary in the third degree. Id., Exh. NN.

The Arizona Court of Appeals affirmed Petitioner's convictions in a memorandum decision issued April 30, 2002. Id., Exh. OO. Regarding the issue of identification, the Court of Appeals stated: "after extensive testimony and argument, [the trial court] reasonably concluded that the identification was not unduly suggestive. Accordingly, a *Dessureault* instruction was not required in this case." Id., Exh. OO at 5. The Court of Appeals further concluded the eyewitness' testimony supplied proof of the element of entry as required by the Arizona statute defining burglary. Id., Exh. OO at 5-6. Regarding Petitioner's argument regarding a lack of evidence of his intent, the Court of Appeals concluded "[t]he record reflects ample evidence from which the jurors could have reasonably inferred the requisite intent." Id., Exh. OO at 6.

Petitioner filed a timely petition for review of this decision by the Arizona Supreme Court, which denied review on

-5-

August 9, 2002. Id., Exhs. QQ & SS.

Petitioner filed a timely petition for post-conviction relief in the Arizona trial court on January 13, 2003, alleging he had been deprived of the effective assistance of trial and appellate counsel. Id., Exh. WW. The trial court summarily denied relief, finding Petitioner's claims lacked merit and were not sufficiently colorable to require a hearing. Id., Exh. ZZ. Petitioner sought review of this decision by the Arizona Court of Appeals, which declined review on August 5, 2004. Id., Exh. EEE.

Petitioner filed his federal habeas action on August 2, 2005, asserting he is entitled to relief because: (1) his right to due process was violated because there was insufficient evidence to support his conviction for the crime of burglary; (2) the trial court erred in instructing the jury; (3) he was deprived of the effective assistance of trial counsel; (4) he was deprived of the effective assistance of appellate counsel.

**II Analysis**

**A. Exhaustion**

Respondents contend two of Petitioner's claims must be dismissed because Petitioner did not fully exhaust these claims in the state courts by presenting them as federal constitutional claims in a procedurally correct manner to the Arizona Court of Appeals or to the Arizona Supreme Court.

Prior to 1996, the federal courts were required to dismiss a habeas petition which included unexhausted claims for federal habeas relief. However, section 2254 now states: "An

application for a writ of habeas corpus may be denied on the merits, notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(2) (1994 & Supp. 2005).

Because the Court concludes that all of Petitioner's claims may be denied on the merits, the Court will not examine Respondents' arguments regarding the exhaustion of some of Petitioner's claims.

**B.   Standard of review regarding exhausted claims**

The Court may not grant a writ of habeas corpus to a state prisoner on a claim adjudicated on the merits in state court proceedings unless the state court reached a decision contrary to clearly established federal law, or one involving an unreasonable application of clearly established federal law, or unless the state court decision was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See 28 U.S.C. § 2254(d) (1994 & Supp. 2005).

> A state court's decision is "contrary to" our clearly established law if it applies a rule that contradicts the governing law set forth in our cases or if it confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from our precedent.

Mitchell v. Esparza, 540 U.S. 12, 14, 124 S. Ct. 7, 10 (2003) (internal citations and quotations omitted).

When reviewing a habeas claim, the federal courts must afford great deference to the state court's rulings with regard

-7-

to issues raised in the petitioner's federal habeas action. See Woodford v. Visciotti, 537 U.S. 19, 24, 123 S. Ct. 357, 359-60 (2002). With regard to claims of ineffective assistance of counsel, "it is the habeas applicant's burden to show that the state court applied Strickland to the facts of his case in an objectively unreasonable manner. An unreasonable application of federal law is different from an incorrect application of federal law." Id., 537 U.S. at 25, 123 S. Ct. at 360 (internal quotations omitted). "In other words, a federal court may grant relief when a state court has misapplied a 'governing legal principle' to 'a set of facts different from those of the case in which the principle was announced.'" Wiggins v. Smith, 539 U.S. 510, 123 S. Ct. 2527, 2535 (2003) (quoting Lockyer v. Andrade, 538 U.S. 63, 123 S. Ct. 1166, 1175 (2003). See also Brown v. Payton, 125 S. Ct. 1432, 1439-40 (2005) ("Even on the assumption that [the state court's] conclusion was incorrect, it was not unreasonable, and is therefore just the type of decision that AEDPA shields on habeas review.").

**C. Petitioner's claims for relief**

**1. Petitioner contends that his Fifth Amendment right to due process was violated because there was insufficient evidence to support his conviction.**

Petitioner contends he is entitled to federal habeas relief because "none of the states witnesses could identify the petitioner as the person who committed the crime." Petitioner asserts that the other individual apprehended at the scene of the crime was the person who the witness saw break into the van and that testimony to this allegation created reasonable doubt

1 as to his guilty.  Petition at 5.

2    Petitioner arguably properly exhausted this claim by 3 raising a claim regarding the sufficiency of the evidence in his 4 direct appeal, which claim was considered on the merits and 5 denied by the Arizona Court of Appeals.

6    "[T]he Due Process Clause protects the accused against 7 conviction except upon proof beyond a reasonable doubt of every 8 fact necessary to constitute the crime with which he is 9 charged."  In re Winship, 397 U.S. 358, 364, 90 S. Ct. 1068, 10 1073 (1970).  To determine whether sufficient evidence existed 11 to support a habeas petitioner's conviction, the Court must 12 decide if, "viewing the evidence in the light most favorable to 13 the prosecution, any rational trier of fact could have found the 14 essential elements of the crime beyond a reasonable doubt." 15 Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 16 (1979).  See also McMillan v. Gomez, 19 F.3d 465, 468-469 (9th 17 Cir. 1994).  The Court may presume that the state court's 18 conclusion that the conviction was supported by the evidence is 19 correct.  See Crow v. Eyman, 459 F.2d 24, 25 (9th Cir. 1972). 20 Petitioner bears the burden of proving that the record is so 21 totally devoid of evidentiary support for the challenged 22 conviction as to violate due process.  Id.  Circumstantial 23 evidence is sufficient to support a petitioner's guilty verdict. 24 Jackson, 442 U.S. at 324-325, 99 S. Ct. at 2792.

25    Given the amount of evidence in the record, a 26 reasonable trier of fact could have concluded that Petitioner 27 was the individual who committed the offense of entering the

-9-

van. Therefore, Petitioner is not entitled to federal habeas relief on the merits of this claim.

**2. Petitioner asserts his conviction was improper because the trial court erred in instructing the jury by failing to give the jury an instruction regarding a defense and by failing to properly instruct the jury on reasonable doubt.**

Petitioner contends that his right to due process was violated because, he asserts, the trial court did not properly instruct the jury regarding his defense of mistaken "identity." Petitioner arguably raised this issue in his direct appeal, and the issue was considered and rejected on the merits by the Arizona Court of Appeals.

There is no specific federal constitutional right governing criminal pretrial identification procedures or subsequent in-court identifications. See Manson v. Brathwaite, 432 U.S. 98, 104-07, 97 S. Ct. 2243, 2249-50 (1977). The standard to be applied on habeas review of this type of claim is that of "fairness" in a criminal proceeding, required by the federal right to due process. Id. If the reviewing court may properly conclude that the identification of the defendant as the perpetrator of the alleged acts was not "unduly suggestive" given the "totality of the circumstances," then the criminal proceeding was not rendered unfair by the identification and the defendant's right to due process was not been violated. Id.

Prior to his trial, Petitioner challenged a proposed in-court identification of him as the perpetrator of the alleged crimes. Pursuant to state law, the trial court conducted a

"Dessureault"[6] hearing to determine if the proposed identification of Petitioner as the perpetrator of the alleged crimes was unduly suggestive, i.e., if it was likely that the procedure had caused a witness to misidentify the defendant. At the hearing, the trial court was required to examine the totality of the circumstances surrounding the proposed identification of Petitioner, unless the prosecution proved by clear and convincing evidence that the procedure regarding the identification was not unduly suggestive. See Arizona v. Smith, 146 Ariz. 491, 496 (1985).

The Arizona Court of Appeals determined, on review of the merits of this issue, that "after extensive testimony and argument" the trial court had "reasonably concluded that the identification was not unduly suggestive." Answer, Exh. OO.

The state court's findings with regard to whether the identification procedure was unduly suggestive and violated Petitioner's rights is entitled to deference by this Court. See Bean v. Calderon, 163 F.3d 1073, 1087 n.3 (9th Cir. 1998); Abrams v. Barnett, 121 F.3d 1036, 1042 (7th Cir. 1997). The Arizona Court of Appeals' decision that the identification of Petitioner was not unduly suggestive in violation of his right to due process was not clearly contrary to, nor an unreasonable application of federal law. See Brathwaite, 432 U.S. at 104-07 & n.8; Simmons v. United States, 390 U.S. 377, 384, 88 S. Ct. 967, 971 (1968). Therefore, Petitioner is not entitled to

---

[6] Arizona v. Dessureault, 104 Ariz. 380, 384, 453 P.2d 951, 955 (1969).

federal habeas relief on his claim that his right to due process was violated by the pretrial and in-court identification of Petitioner as the perpetrator of the alleged crimes and the failure of the trial court to give the jury an instruction regarding the identification of Petitioner as the perpetrator of the crimes.

Petitioner also contends the jury was wrongly guided regarding reasonable doubt because the jury was instructed that they must be "firmly convinced" of guilt to convict, an instruction Petitioner argues changed the burden from reasonable doubt to a showing of guilt by clear and convincing evidence. Petitioner arguably exhausted this claim by raising in his direct appeal, wherein Petitioner argued that the jury instruction regarding intent unconstitutionally allowed the jury to presume criminal intent with regard to the burglary element of entry. The Arizona Court of Appeals concluded that jurors were permitted to make reasonable inferences, i.e., regarding intent, based upon the facts presented at trial. Answer, Exh. OO. Noting a state case standing for the proposition that a jury may infer the intent element of burglary from the fact that the defendant gained entry by force, the Court of Appeals concluded that "[n]o constitutional violation occurred here." Id.

The Due Process Clause requires proof of guilt beyond a reasonable doubt, and a jury instruction may not shift or lift the burden of proof by allowing the jury to accept an unwarranted presumption. See Sandstrom v. Montana, 442 U.S.

-12-

510, 520-21, 99 S. Ct. 2450, 2457-58 (1979). When reviewing a jury instruction regarding reasonable doubt, a habeas court must determine "whether there is a reasonable likelihood that the jury [] applied the challenged instruction in a way that violates the Constitution." Estelle v. McGuire, 502 U.S. 62, 72, 112 S. Ct. 475, 482 (1991). See Leavitt v. Arave, 383 F.3d 809, 818 (9th Cir. 2004).

"[T]he Constitution does not require that any particular form of words be used in advising the jury of the government's burden of proof. Rather, taken as a whole, the instructions must correctly convey the concept of reasonable doubt to the jury." Victor v. Nebraska, 511 U.S. 1, 5, 114 S. Ct. 1239, 1243 (1994). The Ninth Circuit Court of Appeals has instructed the reviewing habeas court to "determine whether there was a reasonable likelihood that the jury understood the instruction to allow a conviction predicated on proof that was insufficient to meet the requirements of due process." Lisenbee v. Henry, 166 F.3d 997, 999 (9th Cir. 1999).

The instruction given to Petitioner's jury regarding reasonable doubt states:

> The State has the burden of proving the defendant guilty beyond a reasonable doubt. In civil cases, it is only necessary to prove that a fact is more likely true than not or that its truth is highly probable. In criminal cases such as this, the State's proof must be more powerful than that. It must be beyond a reasonable doubt.
> Proof beyond a reasonable doubt is proof that leaves you firmly convinced of the defendant's guilt. There are very few things in this world that we know with absolute certainty, and in criminal cases the law does

-13-

>            not require proof that overcomes every doubt.
>            If, based on your consideration of the
>            evidence, you are firmly convinced that the
>            defendant is guilty of the crimes charged,
>            you must find him guilty.  If, on the other
>            hand, you think there is a real possibility
>            that he is not guilty, you must give him the
>            benefit of the doubt and find him not guilty.
>               You must decide whether or not the State
>            has proven the defendant guilty beyond a
>            reasonable doubt.  You must start with the
>            presumption that the defendant is innocent.
>            The State must then prove the defendant
>            guilty beyond a reasonable doubt. This means
>            the State must prove each element of the
>            charges beyond a reasonable doubt.  If you
>            conclude that the State has not met its
>            burden of proof beyond a reasonable doubt,
>            then you must find the defendant not guilty
>            of those charges.

Answer, Exh. M.

The Arizona Court of Appeals' conclusion that Petitioner's constitutional rights were not violated by the jury instructions was not contrary to clearly established federal law, and was not an unreasonable application of clearly established federal law. See Darnell v. Swinney, 823 F.2d 299, 302 (9th Cir. 1987).  There is no reasonable likelihood that the jury understood the instructions to allow conviction based on proof insufficient to meet the requirements of due process and, therefore, Petitioner is not entitled to federal habeas relief with regard to this claim.  See, e.g., Ramirez v. Hatcher, 136 F.3d 1209, 1211 (9th Cir. 1998).

**3. Petitioner asserts he was deprived of the effective assistance of trial counsel and appellate counsel.**

Petitioner asserts that his trial counsel made numerous errors, including failing to interview witnesses, failing to request a Willits instruction, failure to object to the

-14-

admission of evidence, and that his attorney failed to properly raise or investigate his identification defense. Petition at 7. Petitioner arguably exhausted an ineffective assistance of counsel claim in the state courts by raising this claim in his timely action for post-conviction relief. In response to Petitioner's brief seeking post-conviction relief and alleging ineffective assistance of trial counsel, the prosecution stated that Petitioner was, through asserting an ineffective assistance claim, "actually contesting the evidence regarding identification, the conduct of his preliminary hearing, and the admission of a 911 tape....Defendant may not raise these claims at this point in the proceedings by attempting to disguise them as claims of ineffective assistance of counsel." Answer, Exh. XX. The Superior Court concluded that Petitioner had failed to state a colorable claim that his counsel was ineffective. Id., Exh. ZZ.

Respondent contends this claim was not fully exhausted because Petitioner did not seek review of the Arizona Court of Appeals' decision denying post-conviction relief on his ineffective assistance of counsel claim, arguing "*Baldwin's* restatement of the exhaustion requirement appears to overrule the Ninth Circuit's three-judge pronouncement, in *Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999), that Arizona state prisoners need not seek discretionary review by the Arizona Supreme Court in order to exhaust their federal claims." Answer at 14. Because the claim may be denied on the merits, it is not necessary to resolve whether Baldwin effectively overruled

-15-

Swoopes, and whether Petitioner completely exhausted this claim.

To state a claim for ineffective assistance of counsel, a petitioner must show that his attorney's performance was deficient and that the deficiency prejudiced the petitioner's defense. See Strickland v. Washington, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984). The petitioner must overcome the strong presumption that counsel's conduct was within the range of reasonable professional assistance required of attorneys in that circumstance. See id., 466 U.S. at 687, 104 S. Ct. at 2064.

"A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time.'" Strickland, 466 U.S. at 689, 104 S. Ct. at 2065. Indeed, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable; and strategic choices made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation." Id., 466 U.S. at 690-91, 104 S. Ct. at 2066. Therefore, with respect to the performance prong of the relevant test, the court must determine whether, in light of the circumstances as they existed at the time of counsel's actions, the identified acts or omissions were outside the wide range of professionally competent assistance. See Mancuso v. Olivarez, 292 F.3d 939, 954 (9th Cir. 2002).

> [C]ounsel's performance is deficient if he fails to either conduct a reasonable investigation or provide strategic reasons for not doing so.... Deficient performance alone, however, is not enough to render counsel's representation constitutionally ineffective. [The petitioner] must also establish prejudice, by "show[ing] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."

Turner v. Calderon, 281 F.3d 851, 873 (9th Cir. 2002), quoting Strickland, 466 U.S. at 694, 104 S. Ct. at 2068.

The Court's thorough review of the extensive record submitted by Respondents indicates that trial counsel vigorously defended Petitioner, and that counsel's performance was not deficient. Petitioner has not shown the behavioral deficiency, pursuant to Strickland, for this Court to grant habeas relief based on this claim. Additionally, given the amount of admissible evidence against Petitioner, Petitioner has not shown that any error of counsel was prejudicial to the outcome of his case.

**4. Petitioner contends that his appellate counsel did not raise meritorious claims in Petitioner's direct appeal.**

The same prejudice requirement applies to claims of ineffective assistance of appellate counsel as trial counsel:

> The Sixth Amendment right to effective assistance of counsel includes the right to effective appellate counsel. However, appellate counsel need not advance every possible argument, even those that are non-frivolous, and should instead concentrate his advocacy on winnowing out weaker arguments on appeal and focusing on one central issue if possible, or at most on a

-17-

> few key issues. The two-part <u>Strickland</u> test, which the Court has used in evaluating claims of ineffective assistance of trial counsel, supra, also guides an analysis of claims of ineffective assistance of appellate counsel.

<u>Davis v. Singletary</u>, 853 F. Supp. 1492, 1549 (M.D. Fl. 1994) (internal quotations and citations omitted).

To succeed on an ineffective assistance of counsel claim, the petitioner must establish that an argument was likely to be successful in order to prove that he was prejudiced by his counsel's failure to raise the argument. See <u>Van Tran v. Lindsey</u>, 212 F.3d 1143, 1156 (9th Cir. 2000). A defendant has no constitutional right to compel counsel to raise particular arguments if counsel, as a matter of professional judgment, decides not to present those arguments. See <u>Jones v. Barnes</u>, 463 U.S. 745, 751, 103 S. Ct. 3308, 3312 (1983) (declining to promulgate "a per se rule that the client, not the professional advocate, must be allowed to decide what issues are to be pressed").

Petitioner raised in his pro se briefs, and the Arizona state courts rejected, each of the claims Petitioner asserts should have been raised by appellate counsel. The state courts' conclusion that none of the claims provided a basis for relief is an adequate basis for this Court to conclude that Petitioner was not prejudiced by any alleged error of appellate counsel.

**III Conclusion**

Regardless of Petitioner's alleged failure to properly and completely exhaust his federal habeas claims in the state

courts, each of his federal habeas claims may be denied on the merits. Petitioner was not deprived of his right to due process with regard to either the identification of Petitioner as the perpetrator of the alleged crimes or with regard to the instructions given the jury. There was sufficient evidence presented at trial to conclude that Petitioner's conviction did not violate his right to due process. Additionally, Petitioner is not entitled to federal habeas relief with regard to his claims that his trial and appellate counsel were constitutionally ineffective.

**IT IS THEREFORE RECOMMENDED** that Mr. Luckett's Petition for Writ of Habeas Corpus be **denied and dismissed with prejudice**.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of the district court's judgment.

Pursuant to Rule 72(b), Federal Rules of Civil Procedure, the parties shall have ten (10) days from the date of service of a copy of this recommendation within which to file specific written objections with the Court. Thereafter, the parties have ten (10) days within which to file a response to the objections. Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will be

-19-

considered a waiver of a party's right to de novo appellate consideration of the issues.  See <u>United States v. Reyna-Tapia</u>, 328 F.3d 1114, 1121 (9th Cir.) (en banc), <u>cert.</u> <u>denied</u>, 540 U.S. 900 (2003).  Failure to timely file objections to any factual or legal determinations of the Magistrate Judge will constitute a waiver of a party's right to appellate review of the findings of fact and conclusions of law in an order or judgment entered pursuant to the recommendation of the Magistrate Judge.

DATED this 10th day of March, 2006.


_____
Mark E. Aspey
United States Magistrate Judge