**NOT FOR PUBLICATION**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | | |
|---|---|---|
| Andrew Luckett, | ) | No. CV05-2302-PHX-SRB |
| Plaintiff, | ) | **ORDER** |
| vs. | ) | |
| Dora B. Schriro, Arizona Attorney General, | ) | |
| Defendants. | ) | |

Petitioner, Andrew Luckett, filed his Petition for Writ of Habeas Corpus on August 2, 2005. His petition raised four claims: 1) that his Fifth Amendment rights to due process were violated because there was insufficient evidence to support his conviction; 2) that his conviction was improper because the trial court erred in instructing the jury regarding a defense and reasonable doubt; 3) that he was deprived of effective assistance of trial counsel; and 4) that he was deprived of effective assistance of appellate counsel. Respondents answered the petition on January 31, 2006 and Petitioner filed his reply on March 2, 2006. On March 13, 2006 the Magistrate Judge issued his Report and Recommendation recommending that the Petition for Writ of Habeas Corpus be denied and dismissed with prejudice. Petitioner filed timely objections to the Report and Recommendation.

Although Respondents raised the issue of failure to exhaust with regard to two of Petitioner's four claims, the Report and Recommendation of the Magistrate Judge considered all four claims on the merits and found each one to be without merit. Concerning the claim that there was insufficient evidence to support his conviction, the Magistrate Judge concluded that given the amount of evidence in the record a reasonable trier of fact could have concluded that Petitioner was the individual who committed the offense for which Petitioner was convicted and that Petitioner is not entitled to federal habeas relief on his claim of insufficient evidence. On his claim that the jury should have been instructed regarding a defense of mistaken identity and that the jury was given an improper instruction on reasonable doubt, the Magistrate Judge concluded that Petitioner was not entitled to federal habeas relief on this claim. The Magistrate Judge found that the state court's finding that the identification of Petitioner was not unduly suggestive was not clearly contrary to nor an unreasonable application of federal law. Petitioner also argued that the reasonable doubt instruction given at his trial converted the burden of proof from reasonable doubt to clear and convincing evidence by the use of term firmly convinced. The Magistrate Judge concluded that the state court's finding that his rights were not violated by this jury instruction is also not contrary to an unreasonable application of established federal law. The Magistrate Judge also concluded that there was no reasonable likelihood that the jury understood the instruction to allow conviction based on proof less than proof beyond a reasonable doubt.

Petitioner raised various claims concerning the alleged ineffective assistance of his trial counsel. The Magistrate Judge concluded, as did the state court, that he failed to demonstrate either prong of the *Strickland*[1] test. The Magistrate Judge noted that his review of the extensive record submitted by Respondents demonstrated that trial counsel vigorously defended Petitioner and that his performance was not deficient. Additionally, Petitioner failed to show that any error of counsel was prejudicial to the outcome of his case given the amount of admissible evidence against him. Similarly, on Petitioner's claims of ineffective

---

[1]*Strickland v. Washington*, 466 U.S. 668, 104 S.Ct 2052 (1984).

- 2 -

1 assistance of appellate counsel, the Magistrate Judge concluded that the Petitioner failed to
2 show that he was prejudiced by his counsel's failure to raise a meritorious argument.
3 Petitioner raised the very issues in his *pro se* briefs that he claims counsel should have raised.
4 These issues were all considered and rejected by the state appellate court, providing an
5 adequate basis to conclude that Petitioner was not prejudiced by any alleged error of the
6 appellate counsel.

7 Petitioner's objection to the Magistrate Judge's Report and Recommendations is a
8 reargument of his habeas petition.  Petitioner continues to claim that there was insufficient
9 evidence to support his conviction, that he was denied due process by erroneous jury
10 instructions, and that trial and appellate counsel were ineffective.  What the objections fail
11 to do is point how the Magistrate Judge erred in his Report and Recommendation.  Petitioner
12 repeats the identical arguments made in the petition and in his reply in support of his habeas
13 petition.

14 This Court has reviewed the record *de novo* and finds itself in agreement with the
15 Report and Recommendation of the Magistrate Judge.  The Court finds Petitioner's objections
16 to be without merit.

17 THEREFORE IT IS ORDERED adopting the Report and Recommendation of the
18 Magistrate Judge as the order of this Court.

19 IT IS FURTHER ORDERED overruling the objections of Petitioner to the Magistrate
20 Judge's Report and Recommendation.

21 IT IS FURTHER ORDERED the Petition for Writ of Habeas Corpus is denied and
22 dismissed with prejudice.

23
24 DATED this 24th day of May, 2006.
25
26
27
28 _____
Susan R. Bolton
United States District Judge